# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

BRANDON L. HOBBS,

  Petitioner,

  v.

WARDEN, ROSS CORRECTIONAL INSTITUTION,

  Respondent.

CASE NO. 2:16-CV-940
JUDGE JAMES L. GRAHAM
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

On July 21, 2017, the Magistrate Judge issued an *Order and Report and Recommendation* recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (Doc. 15.) Both the Petitioner and the Respondent have filed objections to the Magistrate Judge's *Report and Recommendation*. (Docs. 16, 19.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Respondent's *Objection* (Doc. 16) and Petitioner's *First Objection* (Doc. 18) are **OVERRULED**. The *Order and Report and Recommendation* (Doc. 15) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court **GRANTS** Petitioner's request for a certificate of appealability.

Petitioner challenges his convictions after a jury trial in the Franklin County Court of Common Pleas on murder, carrying a concealed weapon, and having a weapon while under disability. As his sole claim for relief, Petitioner asserts that he was denied the effective assistance of trial counsel based on his attorney's failure to object to admission of testimony regarding Petitioner's history of drug dealing and involvement with firearms and evidence of his prior convictions; failure to request a curative instruction; and what he contends was his

attorney's elicitation of prejudicial testimony regarding Petitioner's involvement with drugs and firearms. The Magistrate Judge recommended dismissal of this claim on the merits.

### Respondent's Objection

Respondent objects to this Court's review of the merits of any claim regarding improper jury instructions apart from review of the claim in the context in which it was raised, *i.e.*, as a basis for Petitioner's claim of the denial of the effective assistance of trial counsel. Respondent does not otherwise object to the Magistrate Judge's recommendation of dismissal on the merits of Petitioner's claim of the denial of the effective assistance of trial counsel under the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984).

However, the Court addresses the claim in the context of Petitioner's assertion of the denial of the effective assistance of trial counsel.

Respondent's *Objection* is **OVERRULED**.

### Petitioner's Objection

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claim on the merits. Petitioner maintains that his attorney acted in a constitutionally unreasonable manner by failing to object and eliciting prejudicial evidence during direct and cross-examination of prosecution witnesses, and when Petitioner testified on his own behalf that he had a prior criminal record, had been selling drugs since age 17, and used and kept firearms. Petitioner complains that the Ohio Court of Appeals' decision rejecting his claim, and Magistrate Judge's recommendation of dismissal, minimized the highly inflammatory nature of evidence complained of, and what he purports to have counsel's ignorance of its inadmissibility under Ohio law. Petitioner disputes the characterization of counsel's actions as one of reasonable trial strategy. Petitioner again refers to *White v. McAninch*, 235 F.3d 988 (6th Cir. 2000), in support.

Petitioner argues that defense counsel could have prevented the admission of inflammatory evidence regarding his involvement in guns and drugs, as well as his prior juvenile conviction, had he presented the trial judge with relevant legal citations, or requested a mistrial after Melody Gaston testified that she had seen Petitioner with guns in the past and had purchased drugs from him. *Trial Transcript, Vol. II* (Doc. 9-2, PageID# 622-24.)  Petitioner asserts that he suffered further prejudice due to counsel's failure to request a limiting instruction.  He alternatively requests to the Court to remand the case to the Magistrate Judge for a recommendation on the prejudice prong of *Strickland*.

However, the Court has carefully reviewed the entire record and all of the arguments of counsel.  Nonetheless, this Court remains unpersuaded that Petitioner can establish he is entitled to relief.  "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."  *Knowles v. Mirzayance*, 556 U.S. 111, 124 (2009) (quoting *Strickland*, 466 U.S. at 690).  Additionally,

> an ineffective-assistance-of-counsel claim is governed by the test articulated in *Strickland,* where "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." 466 U.S. at 690, 104 S.Ct. 2052. By itself, this is a deferential standard that is challenging for a claimant to meet. Where the claimant is a state habeas petitioner whose claims are subject to AEDPA, that standard is raised even higher, as the petitioner must show that the state court's application of *Strickland* was itself unreasonable. This amounts to a "doubly deferential standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow,* ––– U.S. ––––, 134 S.Ct. 10, 13, 187 L.Ed.2d 348 (2013) (internal quotation omitted) (emphasis added). Stated differently, AEDPA requires us to "take a highly deferential look at counsel's performance through the deferential lens of § 2254(d)." *Cullen v. Pinholster*, 563 U.S. 170, 190, 131 S.Ct. 1388, 179 L.Ed.2d 557 (2011) (internal quotations omitted).

*Kelly v. Lazaroff*, 846 F.3d 819, 831-32 (6th Cir. 2017). Accordingly, "[w]hen analyzing a *Strickland* claim under § 2254(d). . . the key question " 'is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.' " *Hale v. Davis*, 512 Fed.Appx. 516, 520 (6th Cir. 2013) (citing *Foust v. Houk*, 655 F.3d 524, 533–34 (6th Cir. 2011) (quoting *Richter,* 131 S.Ct. at 788).

Despite Petitioner's argument to the contrary, and for the reasons that have already been addressed, the Court is not persuaded that the record reflects that the state appellate court unreasonably determined that defense counsel exercised a reasonable trial strategy and that Petitioner is not entitled to relief. This Court concludes that Petitioner is not entitled to relief on this claim. Therefore, Petitioner's *First Objection* (Doc. 19) is **OVERRULED**.

The *Order and Report and Recommendation* (Doc. 15) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner seeks a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, —–U.S. —–. —–, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.) When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed

further.' " *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)).

The Court is persuaded that Petitioner has met this standard here. Therefore, the Court **GRANTS** the request for a certificate of appealability.

The Court certifies the following issue for appeal:

> Was Petitioner denied the effective assistance of trial counsel?

**IT IS SO ORDERED.**

Date: September 18, 2017  　　　　　　　　　　　　　　　　　　s/ James L. Graham  
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　JAMES L. GRAHAM  
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge